**UNITED STATES COURT OF APPEALS**
<u>**Filed 8/9/96**</u>
**FOR THE TENTH CIRCUIT**

———

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Respondent, | ) |
| | ) |
| v. | )     No. 96-1215 |
| | )   (D.C. No. 96-S-295) |
| ALVIN JONES, | )     (Dist. of Colo.) |
| | ) |
| Defendant-Petitioner. | ) |

———

**ORDER AND JUDGMENT**[*]

———

Before **ANDERSON, BARRETT, and MURPHY,** Circuit Judges.

———

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Alvin Jones (Jones), appearing <u>pro</u> <u>se</u> and having been granted leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, appeals the district court's denial and dismissal of his Motion to Vacate Sentence and For Appointment of Counsel filed pursuant to 28 U.S.C. § 2255.

On October 21, 1992, Jones signed a plea agreement admitting that during the meeting in which he supplied cocaine which was

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

cooked into 49.6 grams of cocaine base, he had a Walter, PP 7.65 mm, semi-automatic pistol on his person which he placed in a kitchen drawer.  (R., Plea Agreement at 5).  The district court found that "[t]he facts admitted by [Jones] in the plea agreement demonstrate that [he] carried the gun on his person during and in relation to the drug trafficking crime;" therefore, his conviction under 924(c)(1) was valid.  (R., District Court's Order of March 28, 1996 at 4).

On appeal, Jones argues that he did not "use" or "carry" a firearm in relation to or during a drug trafficking offense pursuant to § 924(c)(1) because the firearm was brought to the meeting, at the request of the undercover officer, to be sold to the undercover officer as part of a separate transaction not involving drugs.

We have reviewed the district court's Order of March 28, 1996, Jones' brief and application for a certificate of appealability, and the entire record before us.  We conclude that Jones' has failed to make a "substantial showing of the denial of a constitutional right" for the reasons set forth in the district court's Order of March 28, 1996.  Accordingly, we DENY Jones' application for a certificate of appealability and DISMISS the appeal.

**DISMISSED.**

Entered for the Court:

- 2 -

James E. Barrett,
Senior United States
Circuit Judge